**MIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| **NORMA GUERRA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. V-07-67** |
| § | |
| **TARGET CORPORATION,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Target Corporation's Motion for Leave to Designate Responsible Third Parties (Dkt. No. 17). After considering the motion and applicable law, the Court is of the opinion that the motion should be granted.

The circumstances underlying the above-captioned civil action appear relatively simple: Plaintiff Norma Guerra claims to have injured herself in a Target store when she slipped (or perhaps, more accurately, tripped) on a piece of tape stuck to the floor of one of the store's isles and fell.[1] Guerra complains that her injuries were the direct result of Target's negligence to warn her against the hazard or remove the tape from the floor. Target asserts, among other things, that any alleged negligence can be squarely laid at the feet of Jim's Commercial Cleaning Services, Ltd. and Jim's Maintenance & Sons, Inc., two presumably related companies Target had contracted with for janitorial services including floor cleaning and maintenance. Target claims that "[i]n the event any debris, including tape, present on the floor of a Target isle had been present long enough as of the

---

[1] The Court notes that this description of Guerra's claim is derived from the facts presented in Target's motion. Guerra's Original Petition, filed in the 267th Judicial District of Victoria County, Texas and subsequently removed to this Court, only describes this action in vague terms as a "suit to recover for personal injuries sustained by Plaintiff as a result of a dangerous condition on Defendant's property." Dkt. No. 1, Ex. 1 at 2-3. However, because Guerra has not filed a response to Target's motion, the Court will, for the limited purpose of this order, presume the facts presented by Target to be accurate.

time of the incident such that the Plaintiff can establish constructive notice for the purpose of this premises liability claim, employees of one or both of Jim's entities named herein should have removed the tape with the use of ordinary care in the performance of their duties maintaining the floor at the Target store." Dkt. No. 17 at 2. Accordingly, Target moves that both the Jim's Cleaning and Jim's Maintenance entities be included in this action as potentially responsible third parties pursuant to § 33.004 of the Texas Civil Practice and Remedies Code.

As an initial matter, although Target filed a certificate of conference indicating the parties could not come to a resolution as to the disposition of the instant motion, *see* Dkt. No. 18, Guerra has not filed a response. Therefore, the instant motion is deemed unopposed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Moreover, as stated briefly below, the motion is meritorious and should thus be granted.

Texas Civil Practice and Remedies Code § 33.004 provides, in relevant part, that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004. Section 33.011(6) defines a "responsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Cortez v. Frank's Casing Crew & Rental Tools*, CA No. V-05-125, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is deemed a responsible third party, then § 33.003 of the Texas Civil

Practice & Remedies Code provides that the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. Hence, designation of a responsible third party could affect the amount of a plaintiff's recovery because a defendant "is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the ... harm for which the damages are allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a).

In its motion, Target alleges that Jim's Cleaning and Jim's Maintenance might bear some if not all of the liability for Guerra's injuries based on their alleged failure to properly clean or maintain the relevant isle floor. Target's allegations, which are bolstered by exhibits indicating it had a contract for janitorial services with the Jim's Cleaning and Jim's Maintenance entities, are sufficient at this point to support the third parties' alleged responsibility and their inclusion in this action.

Based on the foregoing, the Court concludes that § 33.004 applies and that Target has alleged adequate facts concerning Jim's Cleaning's and Jim's Maintenance's purported liability for Guerra's injuries. Accordingly, Defendant Target Corporation's Motion for Leave to Designate Responsible Third Parties (Dkt. No. 17) is **GRANTED** and Target is thus granted leave to designate Jim's Commercial Cleaning Services, Ltd. and Jim's Maintenance & Sons, Inc. as responsible third parties.

It is so **ORDERED**.

Signed this 2nd day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE